STATE of Indiana, Appellant,

v.

Peter NIKOLAENKO, Appellee.

No. 02A05–9701–CR–5.

Court of Appeals of Indiana.

Oct. 31, 1997.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellant.

Michelle M. Fennessy, Schenkel Tirpak & Kowalczyk, Fort Wayne, for Appellee.

## OPINION

SHARPNACK, Chief Judge.

The State appeals the trial court's granting of Peter Nikolaenko's motion to dismiss. The State raises one issue for our review which we expand and restate as:

(1) whether the trial court properly granted Nikolaenko's motion to dismiss; and

(2) whether the State is barred from pursuing the same charges against Nikolaenko in a retrial.

We reverse and remand.

The facts most favorable to Nikolaenko follow. On November 29, 1995, the State charged Nikolaenko with dealing in cocaine ("count I"), a class B felony, and failure to pay substance excise tax ("count II"), a class D felony. The State alleged that Nikolaenko had delivered cocaine to a confidential informant from the Allen County Police Department. The trial court set the trial date for June 11, 1996. On April 25, 1996, the State moved to have count II dismissed. The trial court later granted the motion.

On June 6, 1996, Nikolaenko attempted to depose the confidential informant, Herbert Miller; however, Miller failed to appear. On June 7, 1996, a joint motion for continuance was filed and granted. The trial court set the new trial date for August 28, 1996.

On June 11, 1996, Miller appeared but was not deposed. Miller was not deposed because "it is policy [of the prosecutor] that once a deposition of a [confidential informant] is taken any offered plea agreement is withdrawn." Appellee's brief, p. 3; Record, p. 67. However, Nikolaenko was permitted to confirm Miller's existence and availability for being deposed. Although plea negotiations continued thereafter, they proved to be unsuccessful.

On August 27, 1996, Nikolaenko deposed Miller. During the deposition, Nikolaenko asked Miller if he had ever been arrested. Miller responded that he had been arrested for various misdemeanor charges and for driving while suspended. After the deposition, Nikolaenko requested from the State a copy of Miller's criminal history from the National Crime Information Center ("NCIC"). On August 28, 1996, prior to the commencement of the jury trial, Nikolaenko again asked the State for Miller's NCIC report. The deputy prosecutor told counsel for Nikolaenko that she had a copy in her file, but she inadvertently failed to produce it.

Later that same day, Nikolaenko's trial began. During the recess following jury selection, Nikolaenko obtained Miller's NCIC report through an investigator with the public defender's office. The NCIC report revealed that Miller had lied about his criminal history during the deposition. In fact, Miller had been arrested on felony drug charges in four states.

Outside the jury's presence, Nikolaenko moved to dismiss the charges because the State had not provided him with Miller's NCIC report and had not informed him that Miller had lied during his deposition. During this hearing, it was revealed that police

officers working with the State on cases involving Miller had knowledge of his criminal history. However, it was also established that the State was not aware of Miller's criminal history at the deposition and was not aware that Miller had lied during the deposition. After hearing argument, the trial court granted Nikolaenko's motion and dismissed all charges. The State now appeals the granting of the motion.

## I.

■ The first issue for our review is whether the trial court properly granted Nikolaenko's motion to dismiss. Nikolaenko argues that the State had an obligation to produce the NCIC report. Specifically, he argues that the State's failure to produce the report was in contravention of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[1] We disagree.

■ In *Brady,* the Court held that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 83 S.Ct. at 1196–97; *see also Woods v. State,* 677 N.E.2d 499, 503 (Ind. 1997); *Marshall v. State,* 621 N.E.2d 308, 315 (Ind.1993). A successful *Brady* claim requires that a defendant establish: "(1) that the prosecutor suppressed evidence; (2) that such evidence was favorable to the defense; and (3) that the suppressed evidence was material." *U.S. v. Parks,* 100 F.3d 1300 (7th Cir.1996); *see also United States v. Hartmann,* 958 F.2d 774, 790 (7th Cir.1992). "Evidence cannot be regarded as 'sup-

pressed' by the government when the defendant has access to the evidence before trial by the exercise of reasonable diligence." *United States v. White,* 970 F.2d 328, 337 (7th Cir.1992). Thus, the State will not be found to have suppressed material information where that information was available to the defendant through the exercise of reasonable diligence. *See Parks,* 100 F.3d at 1307 (citing *United States v. Morris,* 80 F.3d 1151, 1169 (7th Cir.1996), *reh'g denied, cert. denied,* —— U.S. ——, 117 S.Ct. 181, 136 L.Ed.2d 120). As we find the Seventh Circuit's analysis of *Brady,* its elements, and the suppression requirement persuasive, we adopt and use its analysis.

Here, Nikolaenko failed to establish that the State "suppressed" the NCIC report. First, the record reveals that the initial request for Miller's NCIC report was on August 27, 1996. Nikolaenko requested the report after Miller's deposition on the day before trial was to begin. On August 28, 1996, immediately prior to the commencement of the jury trial, Nikolaenko made a second request for Miller's NCIC report. (Record, p. 62) The deputy prosecutor advised Nikolaenko that she had a copy with her in the courtroom. At the hearing on Nikolaenko's motion to dismiss, she explained that, "I was asked this morning to provide a copy of the NCIC report. I said, 'I think I have it in my file. Give me a moment to look for it.' We then proceeded to move on into other matters." Record, p. 62. Second, Nikolaenko obtained a copy of Miller's NCIC report through an investigator with the public defender's office that same day. Although technically the trial had begun be-

---

1. In his brief, Nikolaenko also suggests that the local rules of the Allen County Superior Court require that the "State disclose any record of prior criminal convictions which may be used for impeachment of the persons whom the State intends to call as witnesses at the hearing or trial, as well as any evidence which tends to negate the guilt of the accused as to the crime charged." Appellee's brief, p. 6. First, Rule 13 of the Allen County Criminal Rules is "a continuing order through the trial ... and no written motion shall normally be required except to compel discovery...." Allen Co. Sup.Ct.C.R. 13(I). As there is no local rule in Allen County encompassing motions to compel discovery, Indiana Trial Rule 37 is applicable. Specifically, Trial

Rule 37 states that a party may apply for an order compelling discovery upon reasonable notice to the other parties and describes the sanctions available to the court upon a party's failure to comply with such an order once granted. Ind.Tr.R. 37(A).

Thus, a party, upon the failure of an opposing party to produce evidence as required by the Allen County rule, may apply for an order compelling discovery. Here, this was not done. Therefore, the sanction of dismissal for failing to comply with an order compelling discovery is not applicable. *Id.* We therefore conclude that it would not be proper for the trial court to grant a motion to dismiss on this basis.

fore the report was obtained because the jury had been impanelled and sworn, the presentation of evidence had not yet begun.

We see no reason why Nikolaenko could not have requested the NCIC report prior to the day before trial. More importantly, there is no reason not to assume that Nikolaenko could have obtained the report prior to trial just as easily as it appears he obtained it on the day of trial. Therefore, the State did not "suppress" the NCIC report because Nikolaenko had access to the evidence by the exercise of reasonable diligence.[2] *See White*, 970 F.2d at 337. Because the report was not suppressed, there was no *Brady* violation. *See Hartmann*, 958 F.2d at 790.

## II.

■ The second issue for our review is whether the State is barred from pursuing the same charges against Nikolaenko in a retrial. The State argues that "the trial court's discharge of the jury before a verdict has been reached serves as an acquittal only if the jury was discharged without the defendant's consent." Appellant's brief, p. 7. We agree.

Both parties cite Indiana Code § 35–41–4–3 as being dispositive. The statute reads, in relevant part, as follows:

"(a) A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for the commission of the same offense if:

\* \* \* \* \*

(2) the former prosecution was terminated after the jury was impanelled and sworn ... unless (i) the defendant consented to the termination or waived, by motion to dismiss or other-

wise, his right to object to the termination. . . .

(b) If the prosecuting authority brought about any of the circumstances in subdivisions (a)(2)(i) through (a)(2)(vi) of this section, with intent to cause termination of the trial, another prosecution is barred."

I.C. § 35–41–4–3. The State argues that the statute allows a subsequent prosecution when a defendant moves for dismissal. Nikolaenko contends the statute precludes a subsequent prosecution if the jury had been impanelled and sworn in the prior prosecution.

The statute clearly states that a subsequent prosecution is not barred if a defendant waives his right to object to the termination by filing a motion to dismiss. Here, Nikolaenko filed a motion to dismiss. Thus, he waived his right to object to the termination of trial. *See Id.*

■ Despite this, Nikolaenko argues that "the trial judge obviously concluded that the termination was brought about [by] actions of the prosecuting authority." Appellee's brief, p. 8. We assume Nikolaenko is referring to I.C. § 35–41–4–3(b). However, subdivision (b) bars a subsequent prosecution only where the prosecution has acted "with intent to cause termination of the trial." I.C. § 35–41–4–3(b). There is no evidence in the record to suggest that the State intended to cause the termination of this trial. In fact, Nikolaenko does not make this argument. Therefore, subdivision (b) is not applicable. *See Willoughby v. State*, 660 N.E.2d 570, 576 (Ind.1996). Because Nikolaenko moved for dismissal and because the State did not intend to cause termination of the trial, subsequent prosecution of Nikolaenko is not barred. *See* I.C. § 35–41–4–3.

---

2. We note that the Supreme Court has found that "where the Government failed to volunteer exculpatory evidence never requested, or requested in a general way" there is a *Brady* violation. *United States v. Agurs*, 427 U.S. 97, 108, 96 S.Ct. 2392, 2399–2400, 49 L.Ed.2d 342 (1976). In *United States v. Bagley*, the Court held that "regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, ·the re-

sults of the proceeding would have been different.' " *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383–84, 87 L.Ed.2d 481 (1985)). However, we need not address this situation because here Nikolaenko had possession of the evidence he argues was suppressed, and as he had possession of the evidence through due diligence, there was no suppression. *See Parks*, 100 F.3d at 1307; *Morris*, 80 F.3d at 1169.

For the foregoing reasons, we reverse the trial court's order granting Nikolaenko's motion to dismiss and remand for a new trial.

Reversed and remanded.

BARTEAU and ROBERTSON, JJ., concur.